**McWhirter TAYLOR, Appellant,**
v.
**MONROE COUNTY BOARD OF SUPER-VISORS et al., Appellees.**
No. 25179.

United States Court of Appeals
Fifth Circuit.
May 1, 1968.

Richard B. Booth, Aberdeen, Miss., for appellant.

Fred B. Smith, Ripley, Miss., Jack N. Thomas, Amory, Miss., for appellees.

Before GEWIN and COLEMAN, Circuit Judges, and HUGHES, District Judge.

**PER CURIAM:**

According to the 1960 Census of the United States the population of the five districts for the election of Supervisors in Monroe County, Mississippi, was as follows: District One, 10,870; District Two, 2,813; District Three, 3,-457; District Four, 11,257; District Five, 5,556. Obviously, this falls far short of meeting the standards prescribed by Avery v. Midland County, Texas, 390 U.S. 474, 88 S.Ct. 1114, 20 L.Ed.2d 45 (1968). This leaves to the governing authorities of the County two options. They may reapportion the five districts so as to leave each of them with a population substantially equal to that of the others, or they may allow a supervisor to be chosen from each of the districts as presently constituted but by elections in which the voters of the entire county will participate, Dusch v. Davis, 387 U.S. 112, 87 S.Ct. 1554, 18 L.Ed.2d 656 (1967), cited with approval in Avery v. Midland County, Texas, supra.

The suit which gave rise to this appeal was filed on June 23, 1967. Paragraph V of the Complaint expressly declined to pray for redistricting [the first option] because, it was alleged, "The present districts are reasonable in geographic area and to bring about a population balance the resultant districts would be a grotesque and illogical map with the rural area supervisor having an unreasonably heavy burden in road maintenance without a corresponding increase in assessed valuation from which to obtain the funds to defray the district's expenses. * * Further, the lateness of the hour does not permit sufficient time for such redistricting even if such redistricting would cure the invidious discrimination herein complained of". It was accordingly prayed, in addition to a prayer for general relief, that the Board of Supervisors be mandatorily enjoined to provide for an "at large" election of the members of the Board [the second option] and that the county election commissioners and the County Democratic Executive Committee should provide for party primaries and a general election accordingly.

The District Judge denied a preliminary injunction, stating, among other things, that in the absence of guidance from the Supreme Court, which would likely be forthcoming in Avery v. Midland County, Texas, on which certiorari had been granted, it would not interfere with or frustrate elective process which had already been set in motion prior to the filing of the suit and which had progressed beyond the deadline for the qualification of candidates. By stipulation of the parties, the order denying the preliminary injunction was taken and accepted as a final judgment on the merits, denying a permanent injunction. This appeal followed. A Judge of this Court, upon hearing, denied an injunction pending appeal. Thus, the supervisors for the 1968–1972 term have been nominated, elected, and inducted into office.

Answer to the complaint was waived, so we find no admission of record, nor did the District Court have an opportunity to pass on whether it is, as a matter of fact, impossible to redistrict the County so as to comply with the one-man one-vote principle in the election of supervisors. The supervisors have not been given an opportunity to submit a redistricting plan for the approval of the court. Thus, we find ourselves unable to enter final judgment here.

By reason of the decision in Avery v. Midland County, Texas, supra, which the District Court anticipated but the outcome of which could not be known [the action in the Supreme Court lacked only one vote of going the other way by an evenly divided court] we must reverse the judgment and remand the case for further proceedings expeditiously conducted consistently with the holdings of the Supreme Court and for appropriate relief grounded thereon.

Reversed and remanded.