Joe SHEFFIELD et al., Plaintiffs-
Appellants,

v.

ITAWAMBA COUNTY BOARD OF SU-
PERVISORS et al., Defendants-
Appellees.

No. 30452.

United States Court of Appeals,
Fifth Circuit.

Feb. 19, 1971.

T. Victor Bishop, Fulton, Miss., for
plaintiffs-appellants.

Euple Dozier, Fulton, Miss., for de-
fendants-appellees.

John N. Mitchell, Atty. Gen., Jerris
Leonard, Asst. Atty. Gen., David L. Nor-
man, Deputy Asst. Atty. Gen., Richard
W. Bourne, Atty., U. S. Dept. of Justice,
Washington, D. C., for the United States
as amicus curiae.

A. F. Summer, Atty. Gen., William A.
Allain, James E. Rankin, Asst. Attys.
Gen., Jackson, Miss., for the State of
Mississippi as amicus curiae.

Before GODBOLD, CLARK and IN-
GRAHAM, Circuit Judges.

PER CURIAM:

The plaintiffs below, citizens of Ita-
wamba County, Mississippi, appeal from
an order of the district court denying
their motion to dismiss this class action
litigation and enjoining the present

members of the Board of Supervisors to divide Itawamba County into five districts with practically equal population. For the reasons hereinafter stated, we affirm and remand.

In a memorandum opinion appended hereto, the district judge detailed the history of this litigation and the grounds for his ruling, making it unnecessary to summarize or repeat them here.

This appeal is in an unusual posture. The appealing plaintiffs have been awarded the very relief they originally prayed for—a court order requiring the Board of Supervisors of Itawamba County to redistrict the county in conformity with legal standards. The appeal is provoked because plaintiffs *now* prefer that the order require the county to hold elections for the various supervisors' posts on a basis whereby candidates from each presently composed district would run in a county-wide election. However, having instituted a public lawsuit to secure rectification for a constitutional wrong of wide dimension, they cannot privately determine its destiny. The motion to dismiss the class action was addressed to the sound discretion of the district court. Fed.R. Civ.P. 23(e), J. Moore, 3B Moore's Federal Practice (2d ed.) ¶23.80[4]. We find no abuse in the exercise of his discretion to refuse the right of dismissal. *Cf.* Jenkins v. United Gas Corp., 400 F. 2d 28 (5th Cir. 1968).

Indeed, had the court failed to retain jurisdiction of the present action, the only means of securing the constitutional rights of the class of under-represented citizens of Itawamba County in the selection of members of its Board of Supervisors, as declared in Avery v. Midland County, Texas, 390 U.S. 474, 88 S.Ct. 1114, 20 L.Ed.2d 45 (1968), and Reynolds v. Sims, 377 U.S. 533, 84 S.Ct. 1362, 12 L.Ed.2d 506 (1964), would have depended either upon unanimous action to redistrict itself by the present Board of Supervisors or, in the absence of unanimity, upon the outcome of a petition and election process which governed changes or alterations in supervisors districts of counties in the State of Mississippi as of November 1, 1964 under Miss.Code Ann. § 2870 [Ch. 180, Laws of 1956].[1] This is so because in Allen v. State Board of Elections, 393 U.S. 544, 89 S.Ct. 817, 22 L.Ed.2d 1 (1969), the Court held that the post-1964 amendments to Section 2870, noted above (n. 1), could not be given effect by State authorities pending compliance with the prior approval provisos of Section 5 of the Voting Rights Act of 1965, 42 U.S. C.A. § 1973c (1970), and no such approval of these amendments has been granted. *See also* Perkins v. Matthews, 400 U.S. 379, 91 S.Ct. 431, 27 L.Ed.2d 476 (1971) and Dyer v. Love, 307 F.Supp. 974 (N.D. Miss.1969).

Since this case must be remanded for further proceedings consistent with the district court's opinion here affirmed, we deem it appropriate to make further comment on a matter that could become pertinent before finalization of the proceedings in this cause. While a Mississippi board of supervisors is disabled by federal law from using the post-1964 statutory scheme of at-large elections, such legislation does not impair the broad equity powers of a federal chan-

---

1. The very existence of the present litigation presupposes there is no unanimous will in the present Itawamba County Board to redistrict itself, and the record tells us that four of the five present supervisors oppose redistricting. Section 2870 has been twice revised since November 1, 1964—once by the Laws of 1966, Chapter 290, and again by the Laws of 1968, Chapter 564. *See* Mississippi Code of 1942 (1968 Cumulative Supplement). This revised statute now vests boards of supervisors with the power to change or alter districts upon a ⅗ths vote, but grants to the qualified electors of the county a right to petition for an election to set aside such district revisions. The new statute also provides an alternative which would allow a board of supervisors to provide for county-wide elections for members residing in existing districts. However, that alternate procedure is likewise subject to invalidation by the petition and election process.

cellor to protect and effectuate fundamental constitutional rights.

■ Of course, his mandamus to obey the Fourteenth Amendment cannot ignore the strictures of the Fifteenth or the Nineteenth. However, where other constitutional factors are neutral,[2] he possesses the discretion to require the use of such a device in lieu of or ·as an alternative to forced proportional redistricting in order to achieve compliance with the one-man, one-vote constitutional command. Dusch v. Davis, 387 U.S. 112, 87 S.Ct. 1554, 18 L.Ed.2d 656 (1967); Taylor v. Monroe County Bd. of Supervisors, 394 F.2d 333 (5th Cir. 1968); Goldblatt v. City of Dallas, 414 F.2d 774 (5th Cir. 1969).

Although the operation of the Mississippi statute authorizing at-large elections as an alternative has been suspended, it is not void. Therefore, should the chancellor determine to utilize such a remedy, either directly or as an alternative, that exercise of his discretion would not constitute any greater departure from the present valid though unenforceable provisions of State law, than would an edict requiring redistricting without the prerequisite unanimity or petition and election which were required by Mississippi's pre-1964 law. *Cf.* Reynolds v. Sims, *supra*, 377 U.S. at 584, 84 S.Ct. 1362, and Forty-Fourth Gneral Assembly of Colorado v. Lucas, 379 U.S. 693, 85 S.Ct. 715, 13 L.Ed.2d 699 (1965).

Affirmed and remanded.

## APPENDIX

Joe Sheffield, et al,
Plaintiffs
versus   No. EC 6745–S
Luke Robinson, et al,
Defendants

## MEMORANDUM OPINION

This action was initiated by a complaint filed June 23, 1967, which sought an order of the Court requiring the defendant Board of Supervisors of Itawamba County, Mississippi to redistrict itself in such manner as to provide districts of equal population.

The Court, acting through the late Honorable Claude F. Clayton, United States Circuit Judge, sitting by special designation as District Judge on December 29, 1967, entered an order staying further proceedings herein until the Supreme Court of the United States decided the case of Avery v. Midland County, Texas, 1968, 390 U.S. 474, 88 S.Ct. 1114, 20 L.Ed.2d 45.

The Supreme Court decided the case of Reynolds v. Sims, 377 U.S. 533, 84 S. Ct. 1362, 12 L.Ed.2d 506, June 15, 1964. *Reynolds* extended the one man–one vote rule to State Legislatures. Avery v. Midland County, Texas, supra, involved the question of whether the rule should be extended to County Boards, such as the Board of Supervisors of Itawamba County.

After the rendition by the Supreme Court of the decision in *Avery*, which extended the rule aforesaid to County Boards, this Court entered an order on November 6, 1968, extending to defendants the choice of adopting the at-large election system or redistricting itself into districts substantially equal in population.

Defendants selected the at-large election system, and the Court on December 23, 1968, entered an order approving the Board's selection, but retained jurisdiction of the action until the United States Supreme Court should render a decision on the validity or non-validity of the 1966 amendment to Section 2870, Mississippi Code, 1942, Annotated, Recompiled in Allen v. State Board of Elections, 1969, 393 U.S. 544, 89 S.Ct. 817, 22 L.Ed.2d 1. *Allen* was pending at that time awaiting a decision in the Supreme Court.

---

2. No breakdown of the racial or sexual composition of the population of Itawamba County disclosed by the 1970 census was available at the time this opinion was prepared. However, counsel for both parties have represented that less than 10% of the population is non-white. Census information or other fact sources should be available to the trial court if either issue later becomes pertinent.

The Supreme Court decided *Allen*, supra, on March 3, 1969. The Court held that the 1966 amendment to the Mississippi Statute, aforesaid, could not be effective until it had been approved by the Attorney General of the United States or until the State secured a declaratory judgment in the United States District Court for the District of Columbia that the amendment to the statute did not have the purpose or effect of denying or abriding the right to vote on account of race or color. These requirements are a part of the Voting Rights Act of 1965 (42 U.S.C. § 1973 et seq.) The State of Mississippi has never met the requirements of the *Allen* decision.

The Court had occasion to consider the question of at-large elections for members of the Board of Supervisors in Mississippi in the Washington County case. Dyer v. Love, 307 F.Supp. 974.

After due consideration of the question the court said in *Dyer*:

"Thus, the 1966 and 1968 amendments to § 2870 may not be implemented and are not presently in force. The defendants, as members of the board of supervisors of the county, do not have statutory power or authority to provide for or order at-large elections of its members."[1]

The court also held in *Dyer* that:

"Mississippi law invests boards of supervisors with the authority to change or alter the districts of the county. § 2870 Mississippi Code, 1942, Annotated.

It is the opinion of the Court that defendant board should be required to change and/or alter the districts of the county, in such manner as will provide equality of population among the districts as of the present time."[2]

After the decision of the Supreme Court in *Allen* and the decision of this Court in *Dyer*, an order was entered herein on January 2, 1970 requiring defendants to show cause, if any they could, why they should not be required to redistrict the county into districts of substantially equal population.

In response to the show cause order, defendants tendered to the Court a responsive pleading, to which was attached a copy of a resolution adopted by the board, providing that a request be made to the Court to permit the board to adopt the at-large election system.

At the same time plaintiffs presented a motion to the Court seeking a stay of one year in the action. Plaintiffs' motion made reference to the above mentioned resolution of the board and noted their acquiescence in the proposal. The delay was requested in order to afford defendants time within which to submit the at-large election system plan to the Attorney General of the United States. Plaintiffs contended that the county, as a political subdivision of the state, was authorized to petition the Attorney General for relief in the matter.

When the Court indicated that such a delay was not permissible, plaintiffs moved the Court ore tenus to dismiss the action.

In response to the latter motion, the Court entered an order in February 2, 1970 denying the stay and granting plaintiffs thirty days within which to file a written motion to dismiss the action. The Court directed that plaintiffs set forth in the motion the reasons therefor and the character and extent of notice of the proposed dismissal to be given members of the class represented by plaintiffs, pursuant to the provisions of Rule 23(e) F.R.Civ.P.

On February 9, 1970, after further deliberation, the Court entered an order staying all proceedings herein until further order of the Court. The order also provided that defendants should have until May 15, 1970, within which to obtain from the Attorney General of the United States approval of the Board's plan to provide a system of at-large elections, as provided in Section 5 of the Voting

---

1. 307 F.Supp. at 981 (1969).

2. Id. at 984.

Rights Act of 1965, 42 U.S.C.A. § 1973 et seq.

In response to a request for approval the Attorney General advised counsel for plaintiffs by letter dated April 16, 1970, that, in light of this Court's decision in *Dyer*, supra, he was not in a position to authorize an individual county to adopt the at-large election system.

This action was called for trial on June 1, 1970, at which time the parties pressed upon the Court the request of the Board for permission of the Court to adopt the at-large election system. The Court, being of the opinion that the Board was not authorized by a valid Mississippi Statute to adopt such a plan, could not accede to the request.

When this was made known to the parties, plaintiffs renewed their former ore tenus motion to dismiss the action.

It is clear to the Court that should the case be dismissed, defendants could not legally inaugurate an at-large election system. The board does not possess statutory authority to provide such a system, and, in the absence of such authority, is not empowered to do so. Dyer v. Love, supra.

A class action may not be dismissed without the approval of the Court.[3] The decision as to whether such an action will or will not be dismissed is largely within the discretion of the Court.

The record in this case shows without dispute that the supervisors' districts in Itawamba County, from which members of its Board of Supervisors are elected, are not proportional. The qualified voters in the county do not have equal votes in selecting the members of the board. It is a matter of common knowledge, of which this Court will take judicial notice, that every board of supervisors in Mississippi is invested with jurisdiction over multiple governmental activities and fuctions affecting every resident of the county.

Plaintiffs are resident, qualified voters of the Fifth District of the county. The Federal Census of 1960 gives the population for the county as 15,080; the population of the Fifth District as 4,945 (32%); the population of the First District as 2,605 (17%); the population of the Second District as 3,698 (25%); the population of the Third District as 2,693 (18%); and the population of the Fourth District as 1,139 (8%). Thus, the vote of a qualified voter in the Fifth District in 1960 was worth one fourth of the value of a vote of a qualified voter in the Fourth District.

Plaintiffs brought the action to remove the disparities which existed between the districts of the county. They brought the action as a class action, the class consisting of all resident citizens, taxpayers and qualified voters of the Fifth District. In an action maintained as a class action the Court determines the scope and extent of the class. Rule 23(c) (1), (3), F.R.Civ.P.

In the action sub judice the class includes every qualified voter of the county whose vote is diluted because of the disparities of population existing between the districts of the county.

The defendants filed a motion to dismiss the original complaint asserting that plaintiffs had not at any time requested defendants to redistrict the county. Defendants proposed to go forward under a resolution adopted by the Board on July 15, 1967 to redistrict the county according to legal standards.

The plaintiffs continued to seek the rights guaranteed them and others under the Constitution, until the court announced that the Court could not authorize defendants to adopt an at-large election system, and would enter an order directing defendants to redistrict the

3. Rule 23(e) F.R.Civ.P. provides:
"(e) *Dismissal Or Compromise.* A class action shall not be dismissed or compromised without the approval of the court, and notice of the proposed dismissal or compromise shall be given to all members of the class in such manner as the court directs. (As amended Feb. 28, 1966, eff. July 1, 1966.)"

county, as they are authorized to do by Section 2870, Mississippi Code, 1942, Annotated, as the statute existed prior to the 1966 Amendment, and as they proposed to do in the July 15, 1967 resolution.

When the announcement by the Court was made plaintiffs moved the Court ore tenus to dismiss the action.

The motion of plaintiffs had not been timely made. The action has been in progress for three years. During this time plaintiffs have asserted their claim. It is only after the Court announced that the specific relief preferred by plaintiffs would not be granted that they seek to dismiss the case.

It is common knowledge that many Boards of Supervisors in the State are redistricting themselves, without court action, recognizing the right of each qualified voter to exercise his franchise with a vote of equal value with that of his neighbor.

The Court is of the opinion that in the interest of justice, at this stage of the case, the motion to dismiss should be denied and overruled.

An appropriate order will be entered.

This June 25, 1970.

(Signed)  ORMA R. SMITH
          ORMA R. SMITH
          United States
          District Judge