Fred D. MATTHEWS, David Jordan, James Moore, Alix H. Sanders, O. P. Lowe, Individually and on behalf of all others similarly situated, Plaintiffs,

v.

LEFLORE COUNTY BOARD OF ELECTION COMMISSIONERS, Margaret F. Regelman, Ruby Weirs, Gordon A. Teague, George H. Dulin, James E. Makamson, Members, County Board of Supervisors, Robert Lee Kyles, James D. Green, Hopson Gary, Ray Tribble, James M. Hooper, Jr., Members, Individually and in their official capacities, Leflore County Board of Education, Lee Watts, John E. Hughes, Jr., O. P. Lowe, James I. Lundy, Norman Pruiett, Members, Individually and in their official capacities, Defendants.

No. GC 76–145–S.

United States District Court,
N. D. Mississippi,
Greenville Division.

Feb. 2, 1978.

Alix H. Sanders, Greenwood, Miss., for plaintiffs.

Giles W. Bryant, Asst. Atty. Gen., Jackson, Miss., James W. Burgoon, Jr., Fraiser, Burgoon, Henson & Abraham, Greenwood, Miss., for Bd. of Supervisors.

G. Hite McLean, Kimbrough, Kimbrough & McLean, Greenwood, Miss., for Bd. of Ed.

Before COLEMAN, Circuit Judge, and KEADY and SMITH, District Judges.

ORMA R. SMITH, District Judge:

Fred W. Matthews and four other black adult citizens of the United States, citizens, residents and qualified electors of Leflore County, Mississippi, filed a complaint herein on October 26, 1976. Plaintiffs seek to prosecute the suit as a class action pursuant to Fed.R.Civ.P. 23 for themselves and all others similarly situated who (a) are potential candidates for public office in Leflore County, Mississippi; and (b) are qualified electors of said county. The initial defendants were the individual members of the Boards of Election Commissioners, Supervisors, and Education of Leflore County, Mississippi.

The complaint is in two counts. In Count I, plaintiffs allege that prior to 1968, the Board of Education and Board of Election Commissioners were composed of members elected by districts, one from each of the five districts for the election of members of the Board of Supervisors of the county, and that the Mississippi Legislature, at its 1968 annual session, changed the election procedures so as to require at-large elections.

The composition of the boards was not changed. Candidates, however, would be thereafter voted upon at-large, that is to say, by all qualified electors of the county and not only by the qualified electors of the district where the candidate resided. The legislative acts to which the allegations relate are Miss.Code, Ann. §§ 23-5-3 and 37-5-15 (1972).

Plaintiffs challenged the enforcement of the legislative acts aforesaid on the ground that each constituted a new qualification, prerequisite, standard, practice, or procedure of voting and each was subject to the provisions of the Voting Rights Act of 1965, 42 U.S.C.A. § 1973, et seq. as amended. Plaintiffs further alleged that neither statute had been submitted to the Attorney General of the United States pursuant to Section 5 of the Voting Rights Act of 1965, as amended, 42 U.S.C.A. § 1973c, nor had the alternate action provided by Section 5 been taken by seeking a declaratory judgment in the United States District Court for the District of Columbia that such changes do not have the purpose and will not have the effect of denying or abridging the right to vote on account of race or color.

Plaintiffs sought injunctive relief in Count I against an election then scheduled to be held on November 2, 1976, for the membership of both boards.

In Count II of the complaint, plaintiffs asserted that the at-large elections had the

unconstitutional purpose and effect of denying or abridging, on account of race or color, the voting rights of plaintiffs and the class they sought to represent.

Plaintiffs' motion for a temporary restraining order or in the alternative, for preliminary injunction, after notice to defendants, was heard and the motion overruled. The order denying the preliminary relief sought by plaintiffs was entered November 1, 1976.

At the hearing on the motion aforesaid there was made to appear to the court that Section 23–5–3, Miss.Code Ann. (1972) had been submitted by the Honorable A. F. Summer, Attorney General for the State of Mississippi, to the Attorney General of the United States pursuant to Section 5 of the Voting Rights Act, and that on May 21, 1969, the Attorney General of the United States notified Attorney General Summer that he did not interpose an objection thereto. In light of this development the court requested memoranda from the parties on the question of whether a court of three-judges would be required to consider the challenge to Miss.Code Ann. § 37–5–15 (1972).

Thereafter, on January 21, 1977, this three-judge court was constituted by the Honorable John R. Brown, Chief Judge of the Fifth Circuit.

Leave of the court having been first obtained, plaintiffs, on February 14, 1977, filed an amended complaint, dropping the members of the Board of Education as defendants, and adding as defendants the Honorable A. F. Summer, Attorney General for the State of Mississippi, and the Governor of the State, the Honorable Cliff Finch.

Taking notice of the dropping as defendants in the amended complaint of the members of the Board of Education, the managing judge entered a sua sponte order on March 2, 1977, dismissing the board members from the action. There has been no objection to the entry of the order.

The amended complaint avers that the action arises under the Voting Rights Act of 1965, 42 U.S.C.A. § 1973, et seq., and the Fourteenth and Fifteenth Amendments to the Constitution of the United States, and seeks essentially the same relief as the initial complaint.

The defendants, Attorney General Summer and Governor Finch, timely moved the court to dismiss or in the alternative to stay the proceedings to afford the Attorney General an opportunity to present to the Attorney General of the United States, Section 37–5–15, *supra*, pursuant to Section 5 of the Voting Rights Act. The court has not acted on this motion.

Plaintiffs have filed a motion for summary judgment on the entire case, or in the alternative on Count I.

Section 23–5–3, Miss.Code, Ann. (1972) prescribes the method of electing members of the county board of election commissioners in all counties of the state. This statute was submitted to the Attorney General of the United States pursuant to Section 5 of the Voting Rights Act and he interposed no objection thereto.

Section 37–5–15, Miss.Code Ann. (1972) prescribes the method of electing members of the Board of Education in all counties lying within the Yazoo-Mississippi Delta Levee District, one of which is the County of Leflore. This statute applies to only 10 of the 82 counties within the state. Since the institution of the action sub judice defendant Summer has submitted the statute to the Attorney General of the United States, pursuant to Section 5 of the Voting Rights Act and he has interposed an objection thereto. This fact is evidenced by a copy of the letter directed to defendant Summer by the Attorney General of the United States, dated July 8, 1977. Counsel for plaintiffs have attached a copy of the letter to a memorandum submitted on the issues before the court. In order to complete the clerk's file, a copy will be filed with the clerk.

The only basis for convening the three-judge court was the challenge made against the enforcement of Section 37–5–15, Miss. Code, Ann. (1972) because of the alleged non-compliance by state officials with Section 5 of the Voting Rights Act. The 1976

amendment to the three-judge court statute, 28 U.S.C.A. § 2284, effective August 12, 1976, provides in pertinent part:

A district court of three judges shall be convened when otherwise required by Act of Congress, or when an action is filed challenging the constitutionality of the apportionment of congressional districts of the apportionment of any statewide legislative body.

Section 5 of the Voting Rights Act, provides in pertinent part "[a]ny action under this section shall be heard and determined by a court of three judges in accordance with the provisions of section 2284 of Title 28 and any appeal shall lie to the Supreme Court."

We hold that Miss.Code Ann. § 37–5–15 (1972) constitutes a change from that in effect or force on November 1, 1964, in the voting standard, practice or procedure for the election of members of the Board of Education of the Mississippi counties lying wholly or partially within the Yazoo-Mississippi Delta Levee District. Leflore County lies within this district. The section is subject to the provision of Section 5 of the Voting Rights Act of 1965, 42 U.S.C.A. § 1973c.

The undisputed facts reveal that Section 37–5–15 has been submitted to the Attorney General of the United States; that he has interposed an objection thereto; and no defendant or any other person has instituted an action in the District Court of the United States for the District of Columbia seeking a declaratory judgment that the changes afforded by the statute do not have the purpose and will not have the effect of denying or abridging the right to vote on account of race or color.

We conclude that Miss.Code Ann. § 37–5–15 (1972) is without legal force or effect and should remain suspended until defendants have fully complied with Section 5 of the Voting Rights Act of 1965.

The function of this three-judge court, convened under Section 5 of the Voting Rights Act of 1965, 42 U.S.C. § 1973c, is to determine whether Section 37–5–15 constitutes a standard, practice or procedure within the meaning of Section 5, of the Voting Rights Act of 1965, which changes the standard, practice, or procedure with reference to voting in the election of members of the Boards of Education in the counties set forth in the statute, in effect or force on November 1, 1964, and whether, prior to such changes, the state through a responsible official filed an action seeking a declaratory judgment that the changes afforded by the statute do not have the purpose and will not have the effect of denying or abridging the right to vote on account of color or race in the election of members of the Board of Education in the Mississippi counties aforesaid in the United States District Court for the District of Columbia, or submitted the statute to and received the approval of the Attorney General of the United States. *Perkins v. Matthews*, 400 U.S. 379, 383, 91 S.Ct. 431, 434, 27 L.Ed.2d 476, 482; *Allen v. Board of Elections*, 393 U.S. 544, 89 S.Ct. 817, 22 L.Ed.2d 1; *Moore v. Leflore County Board of Election Commissioners*, 351 F.Supp. 848, 851 (N.D.Miss. 1971).

Having determined that Section 37–5–15 constitutes a change in voting standards, practices, or procedures from those in force or effect on November 1, 1974; that such change is within the coverage of Section 5 of the Voting Rights Act of 1965, 42 U.S. C.A. § 1973c; and that defendants have failed to fully comply with the provisions of Section 5; the court concludes that plaintiffs are entitled to declaratory and injunctive relief. The three-judge court having completed its task should now be dissolved and the remaining issues remanded to the single-judge court for determination.

The appropriate order will be entered by the court.