Fred D. MATTHEWS, David Jordan, James Moore, Alix H. Sanders, O. P. Lowe, Individually and on behalf of all others similarly situated, Plaintiffs,

v.

LEFLORE COUNTY BOARD OF ELECTION COMMISSIONERS, Margaret F. Regelman, Ruby Weirs, Gordon A. Teague, George H. Dulin, James E. Makamson, Members, County Board of Supervisors, Robert Lee Kyles, James D. Green, Hopson Gary, Ray Tribble, James M. Hooper, Jr., Members, Individually and in their Official Capacities, Leflore County Board of Education, Lee Watts, John E. Hughes, Jr., O. P. Lowe, James I. Lundy, Norman Pruiett, Members, Individually and in their Official Capacities, Defendants.

No. GC 75–151–S.

United States District Court,
N. D. Mississippi,
Greenville Division.

June 5, 1979.

Alix H. Sanders, Greenwood, Miss., for plaintiffs.

Giles W. Bryant, Asst. Atty. Gen., Jackson, Miss., James W. Burgoon, Jr., Fraiser, Burgoon, Henson & Abraham, Greenwood, Miss., for Board of Supervisors.

G. Hite McLean, Kimbrough, Kimbrough & McLean, Greenwood, Miss., for Board of Education.

## MEMORANDUM OF DECISION

ORMA R. SMITH, District Judge.

The complaint in the action sub judice was filed October 29, 1976, by Fred D. Matthews, David Jordan, James Moore, Alix H. Sanders and O. P. Lowe, adult black citizens and qualified voters of Leflore County, Mississippi. Sanders, an attorney, appears as counsel for plaintiffs. Lowe, at the time, was a member of the Board of Education of Leflore County, and, as such member, was sued along with the other members of the board. Matthews and Lowe were then candidates for public office in the approaching election.

The complaint challenged the validity of the at-large voting provisions of Miss.Code Ann. § 23–5–3 (1972) which provided for the at-large election of members to the county Election Commission of Leflore County and Miss.Code Ann. § 37–5–15 (1972) which provided for the at-large election of members to the Board of Education for Leflore County, Mississippi. The basis of plaintiffs' objection was that neither statute had received the approval of the Attorney General of the United States pursuant to Section 5 of the Voting Rights Act of 1965, 42 U.S.C. § 1973c (Supp.Pamp.1974 to 1978).

The defendants were (1) the Leflore County Board of Election Commissioners and members thereof, (2) the Leflore County Board of Supervisors and members thereof, and (3) the Board of Education of Leflore County, and members thereof, one was which was plaintiff O. P. Lowe.

Plaintiffs sought by their complaint a mandatory injunction requiring defendants to hold the election on November 2, 1976 (four days after filing of the complaint) for membership on the Board of Election Commissioners and Board of Education, by districts rather than at-large.

Plaintiffs' motion for a temporary restraining order, or in the alternative, a preliminary injunction was heard and overruled after an evidentiary hearing on November 1, 1976.

At the November 1, 1976, hearing, it was made known to the court that Section 23–5–3 (Election Commissioners statute) had previously been submitted to and approved by the Attorney General of the United States pursuant to Section 5 of the Voting Rights Act of 1965, supra.

A three-judge court was convened according to the command of Section 5 of the Voting Rights Act of 1965, supra, to consider the validity of Section 37–5–15. While the action was pending, plaintiffs filed a motion seeking the court's permission to file an amended complaint dropping the Board of Education and its members as defendants and adding as defendants the Governor and Attorney General of the State of Mississippi. The motion was granted and the Amended Verified Complaint was filed March 3, 1977.

In addition to dropping defendant Board of Education and its members from the suit and adding as defendants the Governor and Attorney General of the State, the Amended Complaint dropped Sanders, plaintiffs' attorney, from the action as a party plaintiff.

The court entered an order on March 2, 1977, dismissing from the action as defendants, the Board of Education and its members.

During the pendency of the action before the three-judge court, upon submission of Section 37–5–15, as required by Section 5 of

the Voting Rights Act, the Attorney General of the United States, on July 8, 1977, interposed an objection to any further implementation of the at-large election requirements of the statute.

The three-judge court reached the conclusion that Section 5 of the Voting Rights Act of 1965, applied to Section 37–5–15 and as the Attorney General of the United States had interposed an objection thereto, the section could not be implemented unless and until the same might be validated pursuant to Section 5 of the Voting Rights Act of 1965, through an action for declaratory judgment brought by the State of Mississippi in the United States District Court for the District of Columbia. Accordingly, the three-judge court entered its order declaring Section 37–5–15 ineffective and enjoining its enforcement until such time as it might be validated as above mentioned. *Matthews v. Leflore Cty. Bd. of Election Com'rs,* 450 F.Supp. 765 (N.D.Miss.1978).

The three-judge court was dissolved and the action remanded to the single-judge district court for such other or further proceedings as might be proper.

Subsequently, on March 27, 1978, the Mississippi Legislature amended Miss.Code Ann. § 23–5–3 (1972) [House Bill No. 324 (Chapter 431) Laws of Mississippi 1978]. The amendment eliminated the at-large election provisions of the statute of which plaintiffs complained.

The Attorney General of the United States, on May 22, 1978, gave notice that he did not object to the implementation of Section 23–5–3, as amended by Chapter 431, Laws of Mississippi, 1978.

The invalidation of Section 37–5–15 by the three-judge court reestablished, as the prevailing law, prior statutes on the subject, thereby authorizing the election of the members of the Board of Education of Leflore County by supervisors' district and eliminated the at-large voting requirement.

After the accomplishments above mentioned, the state defendants suggested the action had become moot and sought its dismissal. The court has entered an order dismissing the action with prejudice based upon plaintiffs' motion and the affidavit of one of them that there are no issues or claims remaining to be resolved herein.

Counsel for plaintiffs has filed a motion seeking an award of attorney fees and expenses. Plaintiffs rely upon 42 U.S.C. § 1973*l*(e), which provides:

(e) In any action or proceeding to enforce the voting guarantees of the fourteenth or fifteenth amendment, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

■ Unless special circumstances exist which would render an award of attorney's fee unjust, plaintiffs' motion therefor should be granted. Plaintiffs successfully challenged the at-large voting requirements of both statutes. One statute was invalidated by the three-judge decision; the other statute was amended by the Mississippi Legislature during the pendency of the suit in order to eliminate the objectionable at-large voting requirements.

■ The appearance by counsel as a named plaintiff in the complaint, does not appear to constitute a special circumstance which would render the award unjust. This feature of the case was remedied when counsel was dropped as a named plaintiff in the amended complaint. The court will, however, take this fact into consideration.

■ The court has reached the conclusion that the award should be made only against the state defendants. The legislature enacted the objectionable statutes, and the State of Mississippi through the state officials, who are defendants herein, should bear the costs of the action.

■ The Board of Education and its members were dropped as defendants in the amended complaint. This reason alone is sufficient to deny recovery as to these defendants.

■ The defendants Leflore County Board of Supervisors and Leflore County Election Commissioners were powerless to

act in any manner with regard to elections otherwise than as authorized by statute. An award against either board would be unjust.

The State of Mississippi, however, acting through its legislature, created the circumstances which compelled plaintiffs to resort to litigation to vindicate their constitutional and civil rights.

■ Before fixing the amount of the award, the court will dispose of the motion by counsel for the Leflore County Board of Education for an award of attorney's fee as the prevailing party under 42 U.S.C. § 1973*l* (e). In order to make the allowance the court must find that plaintiffs' action as against the Leflore County Board of Education was "frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith". *Christiansburg Garment Co. v. Equal Employment Opportunity Commission,* 434 U.S. 412, 421, 98 S.Ct. 694, 700, 54 L.Ed.2d 648, 657 (1978); *see Flora v. Moore,* 461 F.Supp. 1104, 1119 (N.D.Miss.1978). The file sub judice does not support such a finding. The motion will be denied.

■ In fixing the amount of the attorney's fee for plaintiffs, the court is governed by the twelve elements set forth in the formula adopted by the Fifth Circuit in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir. 1974). These are hereinafter discussed.

1. The Time and Labor Required.

On many occasions, the court encounters difficulty in arriving at a determination of the time *reasonably* required of an attorney to properly and efficiently process an action of the type here involved. Such is the case here. Plaintiffs' attorney logged 89 hours prior to preparation of the amended complaint in which the state defendants were first brought into the action.

The motion for an award of attorney's fees reflects that these hours are made up of the charges as follows: 24 hours—time prior to filing complaint; 24 hours—drafting complaint; 6 hours—for trip from Greenwood to Greenville; 6 hours—for preparation for hearing for temporary restraining order; 9 hours—for the hearing on motion for temporary restraining order; 12 hours—for research, University of Mississippi Law Library; and 8 hours—for preparation of memorandum of law.

The time logged from and including the time the work was performed in drafting the amended complaint to the end of the action, involves charges of 66 hours, itemized as follows: 24 hours—for preparation of amended complaint; 3 hours—for preparation of motion to dismiss defendant Board of Education; 3 hours—review orders; 1 hour—review motion; 1 hour—review of motions and orders; 6 hours—preparation of motion for summary judgment; 6 hours—preparation of opposition to defendant's motion to dismiss; 2 hours—review orders and memoranda; 4 hours—preparation of memorandum in support of class action; 8 hours—preparation of plaintiffs' opposition to suggestion of mootness; 8 hours—preparation of motion to dismiss.

Plaintiffs' counsel bases the attorney's fee demand on a total of 155 hours at $60.00 per hour, aggregating the sum of $9,300.

The time for which counsel should be compensated, must have been reasonably required for a proper, efficient and adequate handling of the action on behalf of plaintiffs. Plaintiffs are entitled to nothing more.

■ The court may and should, scrutinize the work required by plaintiffs' counsel in order to determine by applying its own experience and expertise the time reasonably required to handle the case.

The court's description of the work performed by plaintiffs' counsel, demonstrates that the amount of time charged to the case is more than should have been reasonably expended in the handling thereof.

■ It is not necessary for the court here to discuss each entry of work performed. After all factors are considered and after applying the court's independent judgment as to the time and labor which plaintiffs' counsel should reasonably have expended in

his handling of the action, the court concludes that not more than 100 hours should have been reasonably required in the representation of plaintiffs.

2. The Novelty and Difficulty of the Questions.

The action did not involve a novel or difficult question. The issues here presented concern matters with which the bench and bar of the state are well acquainted. The legal principles are well settled. The facts upon which the complaint was based were not difficult to determine.

3. The Skill Requisite to Perform the Legal Service Properly.

The action sub judice required the services of a skillful and competent trial attorney, familiar with practice in the federal courts. Plaintiffs' attorney demonstrated the requisite skill and professional ability to handle the action. He secured the principal relief sought by his clients.

4. The Preclusion of Other Employment by the Attorney due to the Acceptance of the Case.

This element is irrelevant to the issue here, since the practice of plaintiffs' attorney includes a substantial amount of this type litigation. The record does not show that counsel's acceptance of the case precluded him from other employment.

5. Customary Fee.

This court is committed to a schedule of fees in actions involving litigation similar to that here involved. In *Flora, supra,* Chief Judge Keady fixed a rate of $40.00 an hour for time expended in research, discovery, pleadings, conferences, and a rate of $30.00 an hour for time spent in travel. Judge Keady cited in *Flora,* the case *Neely v. City of Grenada,* 77 F.R.D. 484 (N.D.Miss.1978). *See also,* Judge Keady's opinions in *Latham v. Chandler,* 406 F.Supp. 754 (N.D.Miss. 1976); and *Davis v. Reed,* 72 F.R.D. 644 (N.D.Miss.1976). For a discussion on the subject by this court, *see Cole v. Tuttle,* 462 F.Supp. 1016 (N.D.Miss.1978); *Armstrong*

*v. Reed,* 462 F.Supp. 496 (N.D.Miss.1978); *Payne v. Travenol Laboratories, Inc.,* 74 F.R.D. 19 (N.D.Miss.1976); *Ayers v. Western Line Consolidated School District,* 404 F.Supp. 1225 (N.D.Miss.1975); *Armstead v. Starkville Municipal Separate School District,* 395 F.Supp. 304 (N.D.Miss.1975).

The vast majority of the time expended by plaintiffs' counsel in handling the action sub judice, was expended on matters concerning research, discovery, pleadings, and conferences. Only a small amount of time was expended in travel.

The court has concluded that a reasonable allowance would be $40.00 an hour.

6. Whether the Fee is Fixed or Contingent.

The record reflects that counsel was one of the original plaintiffs. The court has considered this fact, along with the nature of the compensation, i. e., the compensation was not fixed, but contingent on the successful outcome of the litigation.

7. Time Limitations Imposed by the Client or the Circumstances.

8. The Amount Involved and the Results Obtained.

9. The Experience, Reputation and Ability of the Attorneys.

10. The "Undesirability" of the Case.

11. The Nature and Length of Professional Relationship with the Client.

12. Awards in Similar Cases.

The record does not call for a discussion of elements 7 through 12. The court has already commented on several of these to the extent necessary.

## CONCLUSION

The court finds, in conclusion, that plaintiffs are entitled to recover as an item of costs, pursuant to 42 U.S.C. § 1973*l* (e) from defendants, The Honorable Cliff Finch, Governor of the State of Mississippi, and the Honorable A. F. Summer, Attorney

General of the State of Mississippi, in their official capacities and not individually, an award of attorney's fees, as an item of costs, to be paid from public funds in the State Treasury, the sum of $4,000.

The filing fee of $15.00 shall be taxed in the Bill of Costs pursuant to Rule 54(d), Fed.R.Civ.P.